PER CURIAM.
 

 The mother, D.C.J.-S., appeals the final judgment terminating her parental rights to three children, A.S., R.S., and D.S. We affirm.
 

 Although the Department made reasonable efforts to assist and encourage both parents
 
 [1]
 
 to successfully complete the terms and conditions of the case plan with a goal of reunification, D.C.J.-S. was virtually non-compliant. Specifically, she failed to obtain stable housing and employment, failed to submit to random drug/urine screening or participate in drug and alcohol treatment and counseling, refused to sign releases for necessary information, did not complete counseling for victims of domestic violence for herself, nor participate in or assist with counseling for the children. D.C.J.-S. also made no effort to enroll in or complete a parenting class.
 

 In addition to this non-compliance, the trial court noted that D.C.J.-S.’s parental rights to a sibling of A.S., D.S., and R.S. had previously been involuntarily terminated.
 
 See
 
 § 39.806(1)©, Fla. Stat. (2008). It also found termination of parental rights was in the manifest best interests of the children and that termination of parental rights was the least restrictive means to protect them.
 
 Padgett v. Dep’t of Health & Rehabilitative Servs.,
 
 577 So.2d 565 (Fla.1991). These findings are supported by competent, substantial evidence.
 

 AFFIRMED.
 

 LAWSON, EVANDER and COHEN, JJ., concur.
 

 [1]
 

 . The father of the children did not appeal the judgment terminating his parental rights.